# UNITED STATES DISTRICT COURT
## District of Kansas
(Kansas City Docket)

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                         Case No. 16-20032-01-06-JAR

LORENZO BLACK,
KARL CARTER,
ANTHON AIONO,
ALICIA TACKET, and
DAVID BISHOP,

      Defendants.

### UNITED STATES' MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 28, 2016, ORDER GRANTING PRETRIAL DETAINEE MICHELLE REULET'S MOTION TO JOIN AS INTERESTED PARTY IN ALL MOTIONS RELATED TO RULE 41(g) SEEKING A RETURN OF INFORMATION (Doc. 159)

The United States of America, by and through its undersigned counsel, respectfully moves this Court to modify its oral order on October 28, 2016, granting Pretrial Detainee Michelle Reulet's Motion to Join in as Interested Party in All Motions Related to Rule 41(g) Seeking a Return of Information

(Doc. 159), for the following reasons: (i) the United States objects to the motion to join as unauthorized and unnecessary based on defendant Reulet's pending criminal case in D. Kan. No. 14-40005-DDC; (ii) the issues presented in defendant Reulet's case are different from those presented in the present case, and not the result of the underlying investigation herein; and (iii) the instant case is not the proper forum to address the issues raised by defendant Reulet.

I.   Motion for Reconsideration

Pursuant to D. Kan. Rule 7.3, a motion for reconsideration of a non-dispositive order must be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. Dec. 21, 1994) (table).

> A court's rulings "are not intended as first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law, or if the party produces new evidence that could not have been obtained through the exercise of due diligence. *Comeau v. Rupp*, 810 F. Supp. 1172, 1175 (D. Kan. 1992); *see Refrigeration Sales Co. Inc. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983), *aff'd*, 770 F.2d 98 (7th Cir. 1985). A motion to reconsider is not appropriate if the movant only wants the court

> to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *Comeau v. Rupp*, 810 F. Supp. at 1175.

*Koch v. Koch Industries, Inc.*, 6 F. Supp. 2d 1207, 1209 (D. Kan. 1998). The decision whether to grant or deny a motion to reconsider is committed to the court's sound discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The United States seeks reconsideration to correct clear error or to prevent manifest injustice.

## II.  Relevant Background

Defendant Reulet was indicted on January 15, 2014, in D. Kan. No. 14-40005. This case was assigned to the Honorable Daniel D. Crabtree, United States District Judge for the District of Kansas.

The charges against defendant Reulet include conspiracy to manufacture and distribute analogue drugs, a conspiracy to commit mail fraud, selling counterfeit drugs, money laundering, and obstruction of justice. (D. Kan. No. 14-40005-DDC, Doc. 333.)

The trial in defendant Reulet's case was scheduled to begin on January 19, 2016. This setting was continued to February 7, 2017, for reasons related to defendant Reulet's representation by prior counsel. Sometime thereafter, defendant Reulet violated the conditions of release, leading to a detention order

in May, 2016. (*Id.*, at Docs. 747, 759.) Defendant Reulet has been detained at the Corrections Corporation of America (CCA) facility in Leavenworth, Kansas, since that time. (*Id.,* Doc. 785.)

Following the defendant Reulet's detention, the Drug Enforcement Administration (DEA) issued administrative subpoenas to CCA-Leavenworth for jailhouse calls and non-legal mail. The United States provided current defense counsel with copies of the materials subpoenaed and received. The United States did not request, nor did it receive, communications in any form between defendant Reulet and Ms. Morgan, or her law firm.

To avoid any potential Sixth Amendment violation, Assistant United States Attorney (AUSA) Tanya Treadway requested that any calls between defendant Reulet and defense attorney Melanie Morgan (at Ms. Morgan's known numbers) be excluded from the subpoenaed calls. Ms. Morgan had previously asked CCA to block her calls to defendant Reulet, and the United States believes that CCA did so.

Additional details about the materials subpoenaed and received are set forth in the response of the United States to defendant Reulet's Rule 41(g) motion filed in defendant Reulet's case. (*Id.*, Doc. 823; Attachment 1, herein.)

Assistant United States Attorney Tony Mattivi did not represent to Ms. Morgan that he had listened to three calls between defendant Reulet and Mr. Reynal, or to any jailhouse calls, for that matter. AUSA Mattivi represented the opposite to Ms. Morgan: that he had **not** listened to any calls.[1]

On October 25, 2016, Ms. Morgan filed the *Motion for Return of Information Pursuant to Federal Rule of Criminal Procedure 41(g), and for Transfer of Said Motion to Judge Julie Robinson for Resolution*, in Case No. 14-4005 [sic]. Defendant Reulet's motion to join in the present case was filed the next day. (Doc. 159.)

On October 28, 2016, a previously scheduled discovery hearing occurred. At that hearing, Ms. Morgan introduced herself and announced that defendant Reulet had "filed a motion to become part of this litigation as an interested party." (Doc. 172 at p. 5.) The Court noted that the motion was pending, but granted the motion later in the hearing, noting that "[t]hat's not to say I'm going to grant every individual motion to intervene." (*Id.* at 5, 97-98.)

---

[1] The discussion between AUSA Mattivi and Ms. Morgan on August 5, 2016, was a discussion about a possible plea. In the context of this discussion, AUSA Mattivi informed Ms. Morgan that, based on information he received from AUSA Treadway, Mr. Reynal had advised the defendant not to plead guilty. Ms. Morgan inquired how the United States knew about Mr. Reynal's advice. As AUSA Mattivi told Ms. Morgan, one source of this information was a jailhouse call between the defendant and Mr. Reynal, which was information he received from AUSA Treadway. Actually, Mr. Reynal's advice to "not cooperate" was revealed in a June 2, 2016, call between defendant Reulet and her friend, Deborah Hamm.

III. <u>Discussion</u>

    A.   <u>The Court should reconsider its ruling on the Motion to Join and allow this matter to proceed before the Court previously assigned.</u>

Although this Court granted the motion to join in the interim, the Court noted that it would consult with the other judges about whether these matters should be managed together or disbursed. (Doc. 172 at p. 98.) The United States requests that this Court find that defendant Reulet's motion for return of information was initially filed in her criminal case pending before Judge Crabtree, who has presided over the case since it was filed in 2014. Judge Crabtree is intimately familiar with the facts of the case and the issues raised by the evidence, which are not the product or similar to the facts and issues raised in the *Black* investigation and case. In addition, there is no mechanism, or authority, in the Federal Rules of Criminal Procedure for transferring a single motion to another district judge while a criminal case is pending.

Defendant Reulet's motion for return of information, and any other relief, should be heard and decided by Judge Crabtree in defendant Reulet's pending criminal case, not in this unrelated criminal case. Alternatively, if defendant Reulet's motion and request for relief is transferred into the present case, then the entire case should be transferred to this Court. To transfer the

single motion and not the entire case would require this Court to decide a motion completely out of context, untethered to the facts of its case, which are, of course, key to the ruling on defendant Reulet's motion.

Defendant Reulet's motion to join and request to transfer this motion to this Court is a type of "forum shopping" or "judge shopping" that should not be allowed or approved. The defendant's motion should be decided on the facts of her case, not on the facts of the unrelated *Black* case. Judge Crabtree, due to his familiarity with the underlying facts of defendant Reulet's case, is in the best position to determine whether the jailhouse calls are privileged attorney-client communications, and whether the defendant's Constitutional rights have been violated.

Generally speaking, the applicability of a privilege is a factual question, while determining the scope of a privilege is a question of law. *See, e.g., United States v. Mejia*, 655 F.3d 126, 131 (2d Cir. 2011). The Advisory Committee Notes to Federal Rule of Evidence 501 state that the rule "reflect[s] the view that the recognition of a privilege based on a confidential relationship and other privileges should be determined on a case-by-case basis." *See In re Qwest Communications International Inc.*, 450 F.3d 1179, 1184 (10th Cir. 2006). Thus, "[e]ach decision along the path of common law is directed by the discrete, underlying facts developed in the record." *Id.* at 1200.

The issue raised here, by defendant Reulet, does not require a determination as to the scope of the attorney-client privilege itself in a novel way and is not the same question raised in the *Black* case. Instead, the issue for defendant Reulet is a factual one, not a legal one. Consequently, the facts of defendant Reulet's criminal case, not the facts in the *Black* case, must serve as the foundation for any decision regarding defendant Reulet's Rule 41(g) motion. This Court is not familiar with the facts of defendant Reulet's criminal case, and should not be required to become familiar with those facts in order to resolve defendant Reulet's motion. Judicial economy warrants leaving defendant Reulet's motion with the Court assigned, the Court already familiar with the facts of defendant Reulet's case and, therefore, best positioned to decide the defendant's current motion.

The arguments asserted in support of this Court's determination of this issue for defendant Reulet – efficiency and uniformity (D. Kan. No. 14-40005; Doc. 812 at p. 6) – lack merit. Transferring the motion to this Court will not be more efficient; to determine the privilege issue, this Court would need to become familiar with the facts of the case, which has been pending before Judge Crabtree for nearly three years. Not only would such a transfer be inefficient, it could once again delay the trial of defendant Reulet's matter, which would be unacceptable given the delays that have already occurred.

Transferring the motion to this Court will also yield no particular uniformity, especially because this case does not involve the receipt by the United States of communications between defendant Reulet and her present criminal counsel. Moreover, no matter which Judge were to determine defendant Reulet's current motion, there should be no inconsistent discussion of long-settled law regarding attorney-client privilege, nor should there be any inconsistent application of that law to the facts. Any decision based on the facts of the Reulet case and the long-settled applicable law will be consistent with any Court's duty to follow the law and apply the law to the facts before it.

Taken to its logical conclusion, defendant Reulet's argument of "uniformity" would mean that, once a court determines a specific issue in a case, or handles a particular type of case, then all motions regarding that specific issue and all cases of a certain type should be transferred to the same court. For example, once a district judge in Kansas issued a ruling in the *Johnson* line of cases,[2] defendant Reulet would have all similar motions transferred to that district judge. *See* D. Kan. Rule 40.1.[3]

---

[2] *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court held that imposing an increased sentence under the so-called residual clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of due process. Currently, approximately 250 *Johnson*-related cases are before every judge in the District. Extending defendant's efficiency and uniformity arguments to the *Johnson* cases, only one Judge should be deciding them.

[3] As the Court knows, Judge Robinson was the Judge originally assigned to this case.

B.    <u>Rule 41(g) is not applicable to subpoenas or the materials at issue.</u>

Federal Rule of Criminal Procedure 41(g) is inapplicable here. Rule 41 governs the procedures for obtaining and executing arrest warrants and search warrants. Rule 41(g) provides as follows: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." A Rule 41(g) motion is governed by equitable principles. *See Floyd v. United States*, 860 F.2d 999, 1002-03 (10th Cir. 1988) (discussing former Rule 41(e)). The Tenth Circuit has cautioned that jurisdiction under Rule 41(g) "should be exercised with caution and restraint." *Id.* at 1003. To prevail on a Rule 41(g) motion, a criminal defendant must demonstrate that (1) she is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended. *See Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005).

Rule 41(g) is an improper mechanism for bringing this matter before the Court. The jailhouse calls and non-legal mail were provided by CCA pursuant to the service of an administrative subpoena. *See, e.g., United States v. Calandra*, 414 U.S. 338 (1974) (The request for return of property is the equivalent of a motion to suppress implicating the exclusionary rule. The exclusionary rule does not extend to grand jury proceedings.). As such, the

recordings and non-legal mail were not "seized" by the government pursuant to a search warrant or warrant exception, making Rule 41 inapplicable.

Even if Rule 41(g) were the proper mechanism for defendant Reulet's motion, she has not shown that she is entitled to possession of the subpoenaed recordings, she has not shown that she is without possession of the non-legal mail, she has not supported her claim that the recordings and non-legal mail were unlawfully seized, and she has not supported a claim that the prosecution team has deprived her of her property. Defendant Reulet is only entitled to the return of property that is **her** property, that is, property to which she can claim lawful possession. On the other hand, defendant Reulet is not entitled to the return of property under Rule 41(g) that is **not** her property, that is, property to which she cannot claim lawful possession. *See Ferreira,* 354 F. Supp. 2d at 409. The recorded calls are not defendant Reulet's property. *See id.* (quoting *Bova v. United States*, 460 F.2d 404, 407 (2d Cir. 1972), and citing *In re Vigorito*, 499 F.2d 1351, 1354-55 (2d Cir. 1974)). Similarly, the United States is not in possession of the original non-legal mail. The government was provided copies of the mail; defendant Reulet should have the originals. If defendant Reulet did not keep the originals of her mail, she now has the copies that were disclosed to counsel. Therefore, the United States has no property of defendant Reulet to return.

11

Despite defendant Reulet's failure to properly invoke Rule 41(g), or properly support her motion with facts and law, the United States addressed her allegations in the response filed in defendant Reulet's criminal case (and attached to this Motion). A motion in limine would have been the proper mechanism for resolving the issue raised by defendant Reulet in the criminal case pending before Judge Crabtree.

Defendant Reulet's motion and government's response should be heard and decided by the court assigned to the criminal case, Judge Crabtree.

IV. Conclusion

The United States respectfully requests that the Court reconsider its previous ruling and deny defendant Reulet's motion to join this case. Defendant Reulet and her counsel already have a proper forum within which to address her concerns and resolve this matter pursuant to the facts of her case and the applicable law. Defendant Reulet has failed to demonstrate that the facts of her case are part of or are so related to the facts in the *Black* investigation and case as to warrant consideration, through joinder, by this Court. Rather than promote efficiency and uniformity, joinder would serve only to delay defendant Reulet's case.

Wherefore, the United States requests that the Court reconsider its decision to allow defendant Reulet to join this case and deny that motion.

THOMAS E. BEALL
United States Attorney

/s/ Debra L. Barnett
DEBRA L. BARNETT
Assistant United States Attorney
United States Attorney's Office
301 N. Main, Suite 1200
Wichita, Kansas 67202
316-269-6481
316-269-6480 (fax)
K.S.Ct.No. 12729
debra.barnett@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the attorneys for the defendants.

s/ Debra L. Barnett
DEBRA L. BARNETT
Assistant United States Attorney
