# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**

        Plaintiff,

        v.                              CASE NO. 16-20032-JAR

**LORENZO BLACK, et al.,**

        Defendants.

### UNITED STATES' REPLY TO FEDERAL PUBLIC DEFENDER'S RESPONSE TO THE SECOND REPORT REGARDING TELEPHONE-CALL AUDIO RECORDINGS (Doc. 188)

Comes now the United States of America, by and through undersigned counsel, and responds to the Federal Public Defender's Response to the Second Report Regarding Telephone-Call Audio Recordings (Doc. 188), as follows:

In its Response, the Federal Public Defender suggests that facts and information from other cases warrant expansion of the Special Master's duties in this case. There is, however, no analysis or authority to explain why the referenced facts and circumstances support this request.

No evidence warranting an expanded investigation is offered or exists.

Instead, a series of unsupported allegations and commentary are set forth in an impermissible attempt to expand the Special Master's duties beyond a determination of the actual facts and issues of this case. The Response further fails to explain how the expansion of the Special Master's duties is necessitated or warranted under the facts and findings by the Special Master in this specific case. Accordingly, the request for expanded investigation should be denied. The relevant information from the other cases and the Order in this case clearly reveal why CCA phone calls in the other cases were not submitted to the Special Master herein.

I.  Relevant Facts and Related Arguments

The issue is, and always has been, whether the government impermissibly collected and used evidence in the *Black* investigation. Nevertheless, the Response of the Federal Public Defender references other cases pending before other judges in this district, which are discussed below.

A.  Petsami Phommaseng

The Federal Public Defender references the case of *United States v. Petsami Phommaseng* as support for its request that the Court expand the Special Master's duties. (Doc. 188, p. 3, ¶ 5.1.) While acknowledging that Mr. Phommaseng is not charged in the present case, the Federal Public

Defender asserts without elaboration that the *Phommaseng* case is a "related case that is central to this litigation." (*Id.*)

The government advises the Court and the Special Master that the *Phommaseng* investigation resulted in three separate indicted cases.[1] During the investigation, the United States obtained recorded telephone calls from CCA which were provided to Mr. Phommaseng's former and current counsel.

The *Phommaseng* investigation is not related to the *Black* investigation, or covered by this Court's production order herein. However, if the Court and the Special Master deem it necessary, the United States will provide facts that demonstrate that the cases are unrelated.

B.   United States v. Martin, 16-cr-20005-JAR

The Federal Public Defender references this case in paragraph 5.2, page 4, of its Response. (Doc. 188.) This case number is assigned to a case titled *United States v. Pedro Tamez*. The United States believes that this reference was in error and that this specific paragraph was meant to refer to one of Mr. Phommaseng's three indicted cases. Consequently, the United States has responded to this in the previous section.

---

[1] Mr. Phommaseng's current attorney (Jacquelyn Rokusek) also represents Richard Dertinger, who was allowed to enter as an interested party in this current litigation. In other words, Ms. Rokusek could have sought leave to enter the current litigation on behalf of Mr. Phommaseng had she believed that Mr. Phommaseng's three indicted cases were related to the present litigation or presented issues requiring this Court's attention. In addition, two of Mr. Phommaseng's cases are assigned to this Court. The third case is assigned to another United States District Judge.

C. <u>Michelle Reulet</u>

The government will not describe in detail the facts of *United States v. Picanso et al*, No. 14-40005-DDC (D.Kan.) in which Michelle Reulet is an indicted defendant. Important here, however, is the fact that the court assigned to that case considered a request for transfer of Ms. Reulet's motion for return of property to the present Court. On November 21, 2016, Judge Crabtree entered the following minute order –

> ORDER - Doc. 812 is Ms. Reulet's motion asking the court to transfer the issues raised by her motion to Judge Julie Robinson. Judge Robinson, as the motion explains, is handling a collection of attorney/client communication issues arising in United States v. Black (and related issues in other cases), No.16-20032-JAR. The court now is prepared to rule part of Doc. 812, as described in the following paragraphs. First, the court denies the portion of Ms. Reulet's motion asking the court to transfer the motion to Judge Robinson as part of Black and related cases. After close consideration of the issues raised by Doc. 812 and comparison of those issues with the gravamen of the attorney/client issues in Black, *the court finds that the issues are too distinct to transfer them to another judge*. The substantive issues raised by Doc. 812 will be decided by the United States District Judge assigned to this case. Second, the court will conduct a hearing on the other relief Ms. Reulet seeks in her motion, i.e., her challenge to the government's procurement of specified audio and video recordings and written communications in violation of her attorney/client privilege. See Doc. 812 at 4-5 (paragraph 7). The court will conduct this hearing on December 20, 2016 at 1:30 p.m. Based on the current record, the court cannot discern whether evidentiary presentations will be required. If Ms. Reulet or the government intends to call witness(es), the witness(es) must be present for the hearing and prepared to testify. Naturally, cross-examination will be allowed. To promote preparation and efficiency, any party

> planning to present one or more witnesses must disclose to the other parties the identity of the witness(es) that the party intends to call at the hearing. (The court is aware that the government has submitted a disc containing certain communications. The court intends to require foundation evidence for admission of those recordings as part of the hearing's record. To discern whether those communications meet the requisites for the attorney/client privilege, the court intends to listen to the contents of those communications before the hearing. If any party objects to such an in camera review, it must notify the court promptly). IT IS SO ORDERED. Signed by District Judge Daniel D. Crabtree on 11/21/2016. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (mig) (Entered: 11/21/2016)

(Doc. 837; emphasis added.)   Thereafter, the court in *Picanso* held a hearing on the motion, which was continued for an additional hearing on January 12, 2017.   (Doc. 907.)   However, counsel for Ms. Reulet provided notice on January 4 that Ms. Reulet wanted to plead guilty.   (Doc. 911.)   A guilty plea was entered on January 9, 2017.   (Doc. 915.)

In the Response, the Federal Public Defender asserts, without any explanation or legal authority, that the "admission" of the United States in the *Picanso* case justifies expansion of the Special Master's investigation into "USAO policy and practice on this issue."   The acts of the prosecution are before the Court assigned to the *Picanso* case and Ms. Reulet is represented in that case.   They are not before this Court at this time or within the scope of the orders in this case.   Therefore, this Court is without authority to

investigate allegations in the *Black* case that address the prosecution of the *Picanso* case and exceed the boundaries of the cause of action pending before this Court. In other words, the Court can determine whether the *Black* defendants' rights were violated in the *Black* investigation, and whether any evidence collected in the investigation should be impounded (on behalf of the *Black* defendants and other intervening parties), but lacks authority to investigate the internal policies and procedures of the United States Attorney's Office in its entirety, or of the United States Department of Justice, or of cases not before this Court.

D. The Special Master's Findings to Date

On December 6, 2016, the Special Master filed his First Report Regarding Telephone-Call Audio Recordings. (Doc. 183.) This report explained that 48,333 recorded telephone call audio files were initially produced by the government. (*Id.*, p. 2.) These calls were placed to 1,409 different numbers by 50 different inmates. (*Id.*)

The Special Master's task then turned to identifying calls by CCA inmates made to an attorney. A database was created of known attorney telephone numbers from sources in Kansas, Missouri and Nebraska. (*Id.*, pp. 2-3.) These sources produced an inventory of 18,474 known attorney telephone numbers. (*Id.*, p. 3.) "Analysis reveals that, of the 48,333

individual telephone audio files produced by the Government, 204 of those recorded calls were made to one of the known attorney telephone numbers in the inventory." (*Id.*, p. 3.)

On December 7, 2016, the government advised the Special Master that additional audio recordings were found and required submission. (*Id.*, p. 3.)

On December 21, 2016, the Special Master submitted his Second Report Regarding Telephone-Call Audio Recordings. (Doc. 187.) In this report the Special Master set out his final findings. (*Id.*, p. 1.) The examination resulted in finding 48,802 individual recorded telephone-call audio files made to 1,433 different telephone numbers by 58 different inmates. (*Id.*, p. 2.) Attorneys submitted their telephone numbers to the Special Master to include in his list of known attorney telephone numbers increasing the known numbers to 18,494. (*Id.*, p. 3.) Of the 48,802 individual recorded telephone audio files provided by the government, 229 of the calls were made to one of the known attorney telephone numbers. (*Id.*) This means that of the calls collected by the government in the *Black* investigation, only .469243% were to numbers identified as being used by attorneys.

The Special Master notes that "CCA inmates may have called attorneys at telephone numbers not included in any of these lists…Accordingly, the 'recorded calls to KATNs' statistic cited here is almost certainly

7

underinclusive." (*Id.*, p. 3.) Although there is apparently no evidence, or actual example, of "under inclusivity" in the collection of attorney numbers, there is no question that 229 calls to attorneys' telephone numbers, out of 48,802 telephone calls, does not demonstrate an intentional and systematic practice by the United States of obtaining and using attorney-inmate telephone calls as evidence. Moreover, the United States reasonably and in good faith relied on the system in place at CCA, as described by CCA, to preclude recording of attorney-client calls for which inmate clients had requested be blocked. In fact, until Gary Hart's affidavit was submitted during the course of this litigation, the United States was unaware that the software used in connection with the recorded telephone calls at CCA may not have been "blocking" calls to attorneys, and so the United States had no expectation that attorney calls would be furnished by CCA. Given the system that the United States had been informed was in place, the United States had a good faith belief, based on well-established case law that any recorded calls were, therefore, not privileged. (See discussion of established case law in the United States' Supplemental Memorandum in Support of Proposed Order to Appoint a Special Master, and Offer to Present Evidence, Doc. 133, pp. 26-29. The United States is prepared to provide additional briefing and authorities to the Court and Special Master which will establish the lack of privilege and the lack

of Sixth Amendment violations in this case.)

Accordingly, there are insufficient facts, evidence and substantiated allegations to warrant expansion of the Special Master's duties and investigation. Further, the Court has, in its Memorandum and Order filed on November 29, 2016 (Doc. 182), indicated that the investigation to date would be at the expense of the United States Department of Justice and involve only those tasks to which the United States had agreed. (Doc. 182, pp. 10-11.) The United States has not and does not consent to further expansion of these investigative duties and objects, for the reasons and authorities set forth in its Motion for Reconsideration of the Court's Appointment Order and Objections (Doc. 146, incorporated herein by reference), to expanded scope of the investigation and to payment of the Special Master's expenses by the United States Department of Justice. Further, even since the filing of that document, the operating budget of the United States Attorney's Office is now being subjected to further reductions.

II.   The Federal Public Defender's Additional Requests

The Federal Public Defender poses several additional requests to the Court for information and orders, to which the United States responds as follows --

(i)   The names of the 58 inmates referenced in the Special Master's

Second Report should be provided to "the defense to allow counsel to identify which cases and clients may be compromised," or in the alternative, each inmate's counsel should be notified. (Doc. 188, pp. 1-2.)

Response of the United States: This request was addressed in the Second Report of the Special Master when instructions were provided to defense counsel to submit an email seeking access to the calls made to known attorney telephone numbers, and that access would be provided through the Special Master. (Doc. 187, pp. 3-4.) This request should be denied as moot because the Special Master has already provided a mechanism to address it.

(ii)   Confirmation from the United States that all recorded telephone calls collected during "this or related investigations" have been provided to the Special Master. (Id., p. 2.)

Response of the United States: All recordings at issue in the instant case have been submitted to the Special Master. As discussed above, additional recordings from the CCA investigation that constitute

evidence and discovery in other cases involving defendants not defendants or joined herein are being used and litigated in the other cases proper and have not been submitted to the Special Master, except to the extent they may duplicate recordings that are impounded in the instant case. The Special Master and defense counsel in those cases, of course, may engage in discussions with the United States about those matters.

(iii)   An order to CCA to mark 18,494 known and identified attorney telephone numbers in order to ensure that calls to and/or from these numbers are not recorded. (*Id.*, p. 3.)

Response of the United States:  The United States does not represent CCA who is not a party to this cause of action.

(iv)   An order to Securus to not record, or allow contracting facilities to record, any telephone calls to 18,494 known and identified attorney telephone numbers nationwide without regard to the courts and laws of those jurisdictions. (*Id.*)

Response of the United States: The United States does not represent Securus, or any of the facilities it presently has contracts with, all of which are not parties to this cause of action.

(v)   An order to CCA and/or Securus to preserve recordings of the known and identified attorney telephone numbers, refuse to provide the same to law enforcement without court order and to provide notification if there is any request for the information.  (*Id.*)

Response of the United States: The United States does not represent CCA, Securus, or any of the facilities Securus presently has contracts with, all of which are not parties to this cause of action.

III.   Alleged Discrepancies

The Federal Public Defender attempts to characterize any mistake or misstep by the United States as misconduct or bad faith.  Counsel for the United States has sought to explain how information was acquired, why steps were taken, and when something is a "fact" or "assumption."

The United States did not anticipate that recorded attorney-client calls from CCA would be provided to the United States during its investigations.

There was no intent or desire to obtain attorney-client calls from CCA, whether those communications were privileged or not. And, any such calls obtained during this or any other investigation were not "used" by the United States. When discoveries of these calls occurred, appropriate steps were taken by the United States. Despite everything that has occurred in this case, the United States has not sought to hide the discovery of these calls, and would not do so.

Wherefore, for all of the foregoing reasons, the requests set forth in the Federal Public Defender's Response should be denied and the Special Master's duties should not be further expanded or paid for by the United States Department of Justice.

THOMAS E. BEALL
United States Attorney

  /s/    Debra L. Barnett
DEBRA L. BARNETT
Assistant United States Attorney
United States Attorney's Office
301 N. Main, Suite 1200
Wichita, Kansas 67202
316-269-6481
K.S.Ct.No. 12729
debra.barnett@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the attorneys for the defendants.

s/ Debra L. Barnett
DEBRA L. BARNETT
Assistant U.S. Attorney
