IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
   *Plaintiff,*
   **v.**                                        Case No. **16-cr-20032-JAR**

**LORENZO BLACK,** *et al.***,**
   *Defendants.*

**MOTION FOR PRODUCTION PURSUANT TO FED. R. CRIM. P. 17(c)**

The Federal Public Defender, through undersigned counsel and pursuant to Rules 17(b) and (c) of the Federal Rules of Criminal Procedure, asks the Court for an order allowing the defense to issue a subpoena duces tecum, and for payment of costs and fees for the subpoena, as follows:

Name of person or entity to be subpoenaed:

   Corrections Corporation of America/CoreCivic
   100 Highway Terrace
   Leavenworth, Kansas 66048
   Attn: Linda Thomas, Warden

Documents and objects to be produced:

   For all documents or information from November 24, 2015 to August 10, 2016:

   Any and all records of legal visits conducted by or at the request from or arranged by the Federal Public Defender, District of Kansas (FPD), which records shall identify and include the legal visitor from the FPD, its employees, agents, or hired expert consultants, and the CCA-

Leavenworth detainee visited; a calendar of the actual visits which includes the location by attorney-client visitation room number used; and the written log signed by the legal visitors for the visit.

For the FPD, the list of employees and agents of possible legal visitors includes but is not limited to the following persons (this list does not include expert consultants whose visits were arranged by the FPD):

| | |
|---|---|
| Melody Brannon | Kirk Redmond |
| Carl Folsom | Branden Bell |
| Andy McGowan | Paige Nichols |
| Tom Bartee | Tim Burdick |
| Che Ramsey | Laquisha Ross |
| David Magariel | Daniel Hansmeier |
| Steve Gradert | David Freund |
| Tim Henry | Chrystal Krier |
| Cindy Johnson | Francila Blanco |
| Dawn McClinton | Zay Thompson |
| Anthony Scognamillo | Cecilia Wood |

Deadline and place for production:

On or before **December 29, 2017**, to the Federal Public Defender's Office, 117 S.W. 6th Street, Suite 200, Topeka, Kansas, 66603.

## Background

The Court set a hearing to discuss the Special Master's findings concerning the government's failure to comply with the Phase III

2

investigation.[1] The Court's Phase III Order[2] focuses on the conduct of the U.S. Attorneys' Office and whether the government violated CCA-Leavenworth detainees' Sixth Amendment or other legal rights.

The Special Master previously concluded that there were some 700 videos of meetings in the attorney-client meeting rooms that occurred between November 24, 2015 and May 16, 2016 that were obtained by the U.S. Attorneys' Office.[3] After May 16, 2016, it appears that the recordings continued until the cameras were removed in response to the Court's August 10, 2016, Cease and Desist Order.[4] During that time, the government was aware that these rooms were recorded and that the videos were available.

The FPD represented many clients detained at CCA-Leavenworth during that time frame. But the FPD does not know which attorneys and which clients were recorded during this timeframe. The identity of the detainees will be relevant to the scope of the remedy that the defense will request. CCA should be in possession of computer records of these scheduled visits which identify the FPD legal visitor and the detainee; a calendar of the actual visits which includes the location of the visit (identified by visitation room number); and a written log that legal visitors must sign. All three forms of records are

---

[1] Docket Entry (D.E.) 300.
[2] D.E. 253.
[3] D.E. 214 at 2.
[4] D.E. 102.

necessary to completely and accurately verify which attorneys and detainees were recorded. The CCA-Leavenworth records will allow the FPD to verify and corroborate its own records so that it can proceed with full confidence which visits occurred and may have been surreptitiously video recorded.

## Procedure

Rule 17(c) authorizes this Court to issue subpoenas for the production of documents. The rule authorizes production before the documents are offered in evidence, and inspection upon production. The rule reaches essential, relevant documents, unable to be obtained by a party exercising due diligence, so long as the party's request is in good faith.[5]

Counsel are unable to obtain these records without a subpoena because the records are held and maintained by CoreCivic, a private entity. This request is made in good faith and is not overly burdensome. The request is also temporally limited to the beginning date in which the Special Master found the recordings were made and later preserved and ends at the date of the Court's Cease and Desist Order.

The FPD is a movant in this litigation and not authorized to pay the costs and fees associated with a subpoena. The FPD also represents a number of

---

[5] *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

other indigent defendants who have filed related claims and cannot pay costs associated with this request. We therefore request payment of any costs and fees "in the same manner as those paid for witnesses the government subpoenas."[6]

## Conclusion

The requested documents and records are material and unavailable without a subpoena. The accused is unable to pay the costs and fees associated with a subpoena. We therefore request a subpoena duces tecum as described above, with payment of costs and fees, under Rules 17(b) and 17(c).

Respectfully submitted,

s/Melody Brannon
MELODY BRANNON, #17612
Federal Public Defender
117 SW 6th Avenue, Suite 200
Topeka, Kansas  66603
Telephone: (785)-232-9828,
Fax: (785)232-9886
E-mail: melody_brannon@fd.org

s/Rich Federico
RICH FEDERICO, #22111
Staff Attorney
Federal Public Defender
117 SW 6th Avenue, Suite 200
Topeka, Kansas  66603
Telephone: (785)-232-9828,
Fax: (785)232-9886
E-mail: rich_federico@fd.org

---

[6] Fed. R. Crim. P. 17(b).

## CERTIFICATE OF SERVICE

 I hereby certify that on December 6, 2017, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the Special Master and all parties, including Movant Parties and Interested Parties in the case.

            s/ Rich Federico
            Rich Federico