# Exhibit 1

| **From:** | David R. Cohen |
|---|---|
| **To:** | Clymer, Steven D. (USANYN) |
| **Cc:** | Beall, Thomas (USAKS) 1 |
| **Subject:** | A few questions |
| **Date:** | Thursday, November 16, 2017 9:19:10 PM |

Dear Mr. Clymer:

In preparation for our hearing in United States v. Black on January 18, 2017, could you please answer for me the following questions:

- Regarding your appointment in Black under 28 U.S.C. §515, to whom are you reporting? Who actually made the appointment?

- Do you have final authority in connection with the "*Touhy* objections" you raise in your letter dated September 12, 2017?

- In contrast with the informal letter dated July 10, 2017 that I sent to Mr. Beall with my "Requests for Information," to whom should I send formal discovery requests, such as subpoenae?

Thank you for your attention to this matter.

- David


===========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
**www.SpecialMaster.law**

# Exhibit 2



**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

| | |
|---|---|
| *100 South Clinton Street, P.O. Box 7198* | *Tel.: (315) 448-0672* |
| *James M. Hanley Federal Building* | *Fax: (315) 448-0658* |
| *Syracuse, New York 13261-7198* | |

November 24, 2017

**By Electronic Mail Only**

David R. Cohen
Federal Special Master
24400 Chagrin Boulevard
Reflections Bldg., Suite 300
Cleveland, Ohio  44122
david@specialmaster.law

Re:    *United States v. Black, et al.*, Case No. 16-CR-20032

Dear Mr. Cohen:

I am writing in response to your electronic mail message dated November 16, 2017, in which you posed some questions "[i]n preparation for our hearing in *United States v. Black* on January 18, 2017 [sic]."  My answers, and some related thoughts, appear below.

**Regarding your appointment in *Black* under 28 U.S.C. §515, to whom are you reporting?**

I report to Associate Deputy Attorney General Scott N. Schools.

**Who actually made the appointment?**

I was notified of my appointment by Jay Macklin, General Counsel, Executive Office of United States Attorneys.  I was not involved in the appointment process, which likely is privileged.  I am not aware of the identity of the officials who were involved in the process or the roles that they played.

**Do you have <u>final</u> authority in connection with the "*Touhy* objections" you raise in your letter dated September 12, 2017?**

Preliminarily, I want to clarify what appears to be a misunderstanding reflected in both your question about "*Touhy* objections" and the Federal Public Defender's recent motion for an order to show cause, which also refers to "objections."  My September 12, 2017 letter to you does not

David R. Cohen, Federal Special Master
*U.S. v. Black, et al.*, Case No. 16-CR-20032
November 24, 2017
Page 2

raise "objections"; instead it explains that, as a Department of Justice ["DOJ"] employee, I was required to comply with the *Touhy* regulations when responding to your request for information and documents. The September 12, 2017 letter further describes the substantive legal rules that those regulations obligated me to take into account and how I applied those rules to the relevant facts as I understand them. As I explained to you in the letter and our more recent telephone conversation, if you believe that my description of the facts is either mistaken or materially incomplete, or that my legal analysis is flawed, I welcome your input and, if appropriate, will reconsider my responses to your requests.

As to whether my "authority" is "final," as I told you in our telephone conversation, the analysis in September 12, 2017 letter is mine; it was not dictated to me by others. But, as I also told you, I am an employee of DOJ and all of my decisions are subject to review by my supervisors.

**In contrast with the informal letter dated July 10, 2017 that I sent to Mr. Beall with my "Requests for Information," to whom should I send formal discovery requests, such as subpoenae?**

The short answer to this question is that you should direct any subpoenas related to Phase III of your investigation to me. That said, be aware that I do not understand the distinction you draw between "formal" and "informal" requests from you. As noted in the September 12, 2017 letter, the district court's Phase III order requires that the government cooperate with your investigation, including the requests in your July 10, 2017 letter to United States Attorney Thomas Beall. The DOJ *Touhy* regulations apply to all demands for covered information and documentation, whether by way of an "informal" letter backed by court order or a subpoena. Accordingly, had you issued a subpoena to demand the same information and documentation described in your letter, the government's response would have been the same.

Finally, although not directly responsive to your questions, I encourage you to refrain from issuing further demands for documents or information from the government by subpoena or otherwise before the hearing set for January 18, 2018. I say this for the following reasons:

The government's brief concerning your October 20, 2017 report [#306] asserts that "whatever justification there may have been for the appointment of a special master in the first instance no longer exists." I will elaborate on that point. Your appointment and investigation were triggered by allegations of widespread and ongoing violations of the Sixth Amendment and attorney-client privilege involving CCA Leavenworth and the United States Attorney's Office for the District of Kansas ["USAO"]. Your investigation has helped demonstrate that there is no evidence supporting those allegations. Instead, the two criminal defendants housed at CCA Leavenworth who can muster even a semi-plausible claim of a violation of their Sixth Amendment right to counsel (Richard Dertinger and Juan Antonio Herrera-Zamora) each have had an opportunity to raise and litigate it in his own criminal case. Indeed, it is remarkable that your October 20, 2017 report

David R. Cohen, Federal Special Master
*U.S. v. Black, et al.*, Case No. 16-CR-20032
November 24, 2017
Page 3

[#298] does not take issue with the detailed factual assertions in the government's September 12, 2017 letter showing that there is no evidence of violations of the Sixth Amendment or attorney-client privilege arising out of the investigation at CCA Leavenworth.  Instead, you rely exclusively on the need to "ameliorate any mistrust from the defense bar" as the rationale for your demands for internal and privileged USAO and DOJ information and documentation.  But, even if this new objective was a legally valid basis for an intrusion into the operations of the USAO, in our telephone conversation you sensibly acknowledged that further investigation and government disclosures would be ineffective in ameliorating whatever acrimony exists between the Kansas City defense bar and the USAO.

All of this begs the question why your investigation should continue, especially when the federal judiciary, the Federal Public Defender's Office, and DOJ all operate on tight budgets.  The importance of that question is magnified by the unprecedented nature of your investigation.  I am sure that it has not escaped your attention that no litigant here has cited to a federal court decision involving a similarly intrusive judicial inquiry into the operations of a co-equal branch of government, and certainly no appellate court decision endorsing an investigation like yours.  I recommend to you *In re United States*, 503 F.3d 638 (7th Cir. 2007), and the other decisions cited at the end of the government's September 12, 2017 response, all of which clearly point in the opposite direction.  The Article III and separation of powers limitations described in those decisions are not legal formalities to be disregarded in favor of a Quixotic endeavor to unearth non-existent violations of the attorney-client privilege or promote better relations between the defense bar and the USAO.  Rather, they are bedrock principles in our constitutional system of government.

At the hearing on January 18, 2018, I hope to focus the district court's attention on the matters described above.  It will not serve any useful purpose in the interim for you to generate additional demands for DOJ documentation and information, especially if they are inconsistent with governing rules of discovery in federal criminal cases and unsupported by factual predication.

David R. Cohen, Federal Special Master
*U.S. v. Black, et al.*, Case No. 16-CR-20032
November 24, 2017
Page 4

In closing, I repeat the position asserted in footnote 1 of the government's September 12, 2017 response:  because your message to me appears to be *ex parte*, I have responded in kind but have no objection to you sharing this letter with other litigants in this case.

Very truly yours,

Steven D. Clymer
Special Attorney to the United States Attorney General

cc:    Thomas Beall, United States Attorney, District of Kansas

# Exhibit 3

| | |
|---|---|
| **From:** | David R. Cohen |
| **To:** | Clymer, Steven D. (USANYN) |
| **Subject:** | RE: Responses to your inquiries |
| **Date:** | Thursday, November 30, 2017 3:58:48 PM |

Hi Steve.  I actually was hoping to chat at 11:00a today.  I am currently on a plane, arriving home late; tied up all day tomorrow in a day-long meeting; and begin chairing a 10-day federal eminent domain hearing next week.  So finding time for a telecon is tough.

The reason I want to chat is to give you the courtesy of explaining why, despite your entreaty, I will be issuing subpoenae.  I believe case-law implementing *Touhy* leaves me no choice.  That said, I will be dramatically narrowing the materials I am requesting, as I believe many of the points in your letters to me are well-taken.

I expect to issue the subpoenae for testimony and documents, with the required testimonial summaries, by Monday.  Not 100% sure yet to whom they will be directed.

Once you see what my limited/tailored requests are, we can discuss whether you still believe they are overbroad.

-David


============================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
**www.SpecialMaster.law**


-------- Original Message --------
Subject: RE: Responses to your inquiries
From: "Clymer, Steven D. (USANYN)" <Steven.D.Clymer@usdoj.gov>
Date: Thu, November 30, 2017 3:26 pm
To: "David R. Cohen" <David@SpecialMaster.Law>

David:
I have a meeting scheduled for 11:30 am tomorrow.  It will last until about 1:00 pm.
If there is some late rescheduling, I will let you know.
Can I ask what it is you would like to discuss?
Steve

**From:** David R. Cohen [mailto:David@SpecialMaster.Law]
**Sent:** Wednesday, November 29, 2017 11:27 PM
**To:** Clymer, Steven D. (USANYN) <SClymer@usa.doj.gov>
**Subject:** RE: Responses to your inquiries

Hi Steve.  Hope you had a nice Thanksgiving.

Also hoping you might be available for a telecon tomorrow at 11:30a EST?  I am traveling and in hearings next 2 weeks, so trying to fit in time for a call.

-David

============================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
**www.SpecialMaster.law**

-------- Original Message --------
Subject: Responses to your inquiries
From: "Clymer, Steven D. (USANYN)" <Steven.D.Clymer@usdoj.gov>
Date: Fri, November 24, 2017 11:22 am
To: "David R. Cohen" <David@SpecialMaster.Law>

David:
Please see attached letter.
Steven Clymer

Exhibit 4

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
## for the

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 16-20032-JAR |
| LORENZO BLACK, ET AL | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: Steven D. Clymer, Assistant United States Attorney and Special Attorney to the United States Attorney General

Office of United States Attorney, Northern District of New York
100 South Clinton Street, James M. Hanley Federal Building
Syracuse, NY 13261-7198

  **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: United States District Courthouse 500 State Street Kansas City, KS 66101 | Courtroom No.: |
|---|---|
| | Date and Time: January 18, 2018, 9:00 a.m. |

  You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*: All documents you previously delivered to the attention of Special Master David R. Cohen at the Chambers of Chief Judge Julie Robinson, Room 511, U.S. Courthouse, 500 State Avenue, Kansas City, Kansas,on or before January 2, 2018. Those documents are identified in the attached demands of the Special Master which are incorporated into and made part of this command, as if stated herein in full.

  *(SEAL)*

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____, who requests this subpoena, are:

Special Master David R. Cohen,
24400 Chagrin Boulevard
Reflections Bldg., Suite 300
Cleveland, OH 44122
david@specialmaster.law
216-831-0001

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.   16-20032-JAR

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)*  STEVEN D. CLYMER

was received by me on *(date)*  12/4/17  .

☒ I served the subpoena by delivering a copy to the named person as follows: PERSONAL SERVICE
COMPLETED BY SERVING STEVEN D. CLYMER AT THE UNITED STATES
ATTORNEY'S OFFICE IN SYRACUSE, NY     on *(date)*  12/13/17    ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____  for travel and $ _____  for services, for a total of $     0.00

I declare under penalty of perjury that this information is true.

Date:  12/13/17                                  _____
                                                                *Server's signature*

                                                   CHRISTOPHER J. AMDIA     SDUSM
                                                                *Printed name and title*

                                                   USMS
                                                   100 SOUTH CLINTON ST  SYRACUSE, NY 13261
                                                                *Server's address*

Additional information regarding attempted service, etc:

The Court-appointed Special Master hereby demands production of the following documents and materials that are or were in the possession of the United States Attorney's Office for the District of Kansas.   For all demands, unless a different time frame is indicated, the relevant time frame is January 1, 2014 through May 1, 2017.  All responses to these demands shall be delivered to the attention of Special Master David R. Cohen, at the Chambers of Chief Judge Julie Robinson, Room 511, U.S. Courthouse, 500 State Avenue, Kansas City, KS  66101, on or before January 2, 2018, for review by all counsel of record in *Black*.

Definitions:

a.  "accessed" means sought or obtained access to, or listened to or viewed, or attempted to listen to or view, or directed another person to do one or more of those things.  It also means directly receiving information, materials, or objects of any kind or type; or indirectly receiving information about or descriptions of information, materials, or objects that were accessed by another person;

b.  "document(s)" or "material(s)" means anything written, printed, electronically created, or copied that serves to record or chronicle information;

c.  "AUSA" means Assistant United States Attorney; "SAUSA" means Special Assistant United States Attorney.

d.  *"Black"* means the underlying case of *U.S. v. Lorenzo Black*, Case No. 2:16-CR-20032, U.S. District Court for the District of Kansas, and its named defendants and any interested parties. Unless not applicable, it also means those cases and individuals who have filed motions seeking relief arising out of the underlying case, which are noted on the attached list.

e.  "CCA" means the Corrections Corporation of America (now known as "CoreCivic") detention facility, Leavenworth, Kansas.

f.  "USAO-DKan" means the United States Attorney's Office for the District of Kansas; "USAO-DKan personnel" means all employees of the United States Department of Justice working at the United States Attorney's Office for the District of Kansas.

g.  "U.S. Attorney," and "First Assistant U.S. Attorney," means those officials serving in the District of Kansas;

h.  "USAO" means all United States Attorney's Offices.

i.  "the Investigation" means the three phases of investigation authorized by the Court in *Black* and conducted by the Special Master appointed by the Court.

*    *    *    *    *

Please produce:

1.   Any and all documents and materials created by AUSA Emily Metzger or any other USAO-DKan personnel, whether or not they were sent to any USAO-DKan personnel, concerning retention, preservation, and production of materials which relate to or concern *Black*, or the Investigation.

2. Any and all documents and materials sent or given to or received by Metzger in response to her instructions concerning retention, preservation, and production of materials which relate to or concern *Black*, or the Investigation.

3.   A list or log of all repositories in the USAO-DKan information systems that could have been, were, or are now being searched using the June 7, 2017, list of search terms negotiated by USAO-DKan and the Special Master (the list of search terms is contained in Black docket 298-4, exh. D). Respositories may be identified by employee initials for USAO-DKan personnel, if applicable.  A repository may be identified artificially if its description would reveal contents claimed to be privileged from disclosure under 28 C.F.R. §26.26.

4.   Except for the U.S. Attorney Manual, any and all written instructions, regulations, or policy statements that were, or were intended to be, provided to USAO-DKan personnel, limited to those that applied in *Black* and which concerned:

   a.  the obligations of USAO attorneys to protect the constitutional rights of detained individuals; or

   b.  the obligations of USAO attorneys to defense counsel in criminal investigations, criminal cases, and other criminal matters; or

   c.  the obligations of USAO attorneys to report any apparent or arguable violation of ethical rules or regulations, including violations by attorneys or investigative agents that might rise to a level of constitutional significance.

5. Any and all documents or materials relating to the actual or potential use of "taint teams" in *Black*, including documents outlining general policies and procedures and regulations that would have applied in *Black*.

6. Any documents or materials sent to or from any USAO-DKan personnel that are related to actual or claimed unethical or unpermitted action by USAO-DKan personnel and are related to *Black*.  This demand seeks information created during the relevant time period or any time thereafter.

7. Any documents or materials that address any meeting attended by AUSA Kim Flannigan, SAUSA Erin Tomasic, and/or Jacquelyn Rokusek, in any case where Rokusek represented Richard Dertinger.

8. Any documents or materials sent to or from Tomasic regarding her issuance of any Grand Jury subpoena in *Black*, or created by any person and which discuss the issuance of any Grand Jury subpoena in *Black*. This demand is limited to documents or materials that: (a) were created prior to the issuance of any such subpoena, and (b) are not prohibited from disclosure under Fed. R Crim. Pro. 6(e).

9. Any documents or materials addressing in any way written or oral representations that Tomasic did or might make to the Court in *Black*, including documents and materials that discuss representations she might make in the future (after the document or material was created). This demand is limited to documents or materials addressing representations Tomasic did or might make to the Court regarding: (a) audio or video recording of inmates at CCA; (b) Tomasic's after-hours entry into Judge Robinson's chambers; or (c) meetings or communications Tomasic or Flannigan had with Rokusek in her capacity as defense counsel for Richard Dertinger. This demand is not limited to documents received or sent by Tomasic.

9. A list of every individual working at, or working with, or detailed to, the USAO-DKan (including attorneys, law enforcement agents (from any agency), support staff, interpreters, and contractors) who accessed any audio or video recording of: (a) detainees at CCA, or any other detention facility; or (b) an attorney meeting or communicating with a detainee or client.

10. For every person identified in item 9 who directed or permitted someone else to listen to or view the audio or video recording, identify the persons who: (a) so directed or permitted, and (b) were so directed or permitted.

11. Any and all documents and materials related to requests or demands for audio or video recordings of detainees at CCA.

12. Any and all documents and materials related to any incident where an individual working at, or working with, or detailed to, the USAO-DKan (including attorneys, law enforcement agents (from any agency), support staff, interpreters, and contractors) obtained access to any audio or video recording between a detainee and attorney (regardless of whether the access was inadvertent or advertent). This includes, but is not limited to, documents and materials reporting such access to any other person (including the detainee, the attorney, a supervisor, a professional responsibility advisor, or a taint team).

13. Any and all documents and materials relating to the preservation or, or non-preservation of, any computer used by USAO-DKan to view video recordings produced by CCA related to *Black*. This demand seeks documents and materials both before and after the Court required USAO-DKan to preserve the contents of its computers. This demand also seeks the name of any person who was in any way involved with the decision or process or action of "wiping clean" any such computer.

# RULES 41(g) and 16(E) MOTION REPORT

| CASE | JUDGE | MOTION NO. | RESPONSE NO. | STATUS OF CASE |
|---|---|---|---|---|
| 11-40078-01 USA vs. Virok Webb | JAR | Doc. 786 – Rule 41(g) and 16(E) motion | No | Pled – sentenced – 10CCA dismissed appeal |
| 16-20032-02 USA vs. Black et al "Karl Carter", "Anthon Aiono", & "David Bishop" | JAR | Doc. 85 – Amended Rule 41(g) and 16(E) motion | No | MUA on 8/9/2016 Sentencing for Aiono to be set at a later date – no ddl or dates set for Carter and Bishop |
| 14-20068-5 USA vs. David J. Lougee | CM | Doc. 235 - Rule 41(g) and 16(E) motion | No | Awaiting Sentencing |
| 15-20092 Mamoudou M. Kaba | CM | Doc. 20 - Rule 41(g) and 16(E) motion | No | Awaiting sentencing |
| 16-20016 USA vs. Mayra Arely Escobedo-Gamboa | CM | Doc. 64 - Rule 41(g) and 16(E) motion | No | Jury Trial set 11/6/2017 |
| 16-20017 USA vs. Fernando Guevara-Guevara | CM | Doc. 35 - Rule 41(g) and 16(E) motion | No | Awaiting sentencing |
| 16-20034 USA vs. Frank Dale | CM | Doc. 36 - Rule 41(g) and 16(E) motion | No | Awaiting sentencing |
| 14-20049 – USA vs. Juan Antonio Herrera-Zamora | CM | Doc. 181, 186, 198 | | Awaiting Evid. Hrg. |

Exhibit 5A

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

UNITED STATES MARSHAL
RECEIVED

# UNITED STATES DISTRICT COURT

2017 DEC -5  PH 4: 06

for the

KANSAS CITY, KS

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  16-20032-JAR |
| LORENZO BLACK, ET AL | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:    Acting United States Attorney Thomas Beall
       Office of United States Attorney, District of Kansas
       500 State Street,
       Kansas City, KS  66101

        **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Courtroom No.: | 427 |
|---|---|---|
| U.S. Courthouse, 500 State Street, Kansas City, KS 66101 | Date and Time: | January 18, 2018, 9 a.m. |

        You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

        *(SEAL)*

Date:  December 5, 2017

                                                CLERK OF COURT

                                                _____
                                                *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
_____ , who requests this subpoena, are:

Special Master David R. Cohen
2440 Chagrin Boulevard
Reflections Building, Suite 300
Cleveland, OH 44122
david@specialmaster.law
216-831-0001

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.   16-20032-JAR

### PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)*  Thomas Beall

was received by me on *(date)*  12/6/17 .

☒ I served the subpoena by delivering a copy to the named person as follows:  Given to

Receptionist

on *(date)*  12/6/17 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $  0  for travel and $  65.00  for services, for a total of $  0.00 .

I declare under penalty of perjury that this information is true.

Date:  12/6/17

Server's signature

Christopher Wallace-Duns

Printed name and title

500 State Ave, Kansas City, KS

Server's address

Additional information regarding attempted service, etc:

<u>Thomas Beall, First Assistant U.S. Attorney, Interim U.S. Attorney,</u>
<u>    Acting U. S. Attorney, D. Kan. USAO</u>

SUMMARY STATEMENT PER 16.23(c)

Beall will be asked to testify as to the reasons for allowing a relatively new SAUSA, Erin Tomasic, to take charge of a complex criminal investigation or case. He will be asked to explain her in-house training, if any, to handle information in the Grand Jury and pretrial discovery phases of any criminal investigation and prosecution arising in the USAO.

Beall will be asked about when he first knew of grand jury subpoenas that were issued or returned for the *Black* case demanding information from CCA regarding its audio and/or video monitoring and/or recording practices at CCA. He will be asked about any discussions with Tomasic, her supervisor AUSA Kim Flannigan, or their supervisor, AUSA Debra Barnett, concerning such subpoenas.

Beall will be asked to explain why he did not direct that a formal litigation hold be placed concerning the *Black* case immediately after the Court's orders arising from the August 9, 2016, hearing. He will also be asked to explain why the search terms negotiated with the Special Master were not implemented.

Beall will be asked, if anything, he did to address the unpermitted, after-hours intrusion into the chambers of the *Black* trial judge, and what he has since done to better educate his staff and the U.S. Marshal's staff concerning any inappropriate activity connected with their positions.

Beall will be asked what he has done during his tenures as First Assistant U.S. Attorney, Interim U.S. Attorney, and Acting U.S. Attorney to help the Court understand what the Special Master found to be widespread mistrust, tension and other problems between the USAO in Kansas City and the criminal defense bar at the Kansas City, Kansas, branch office, as opposed to the other two branch offices.

Exhibit 5B

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

UNITED STATES MARSHAL
RECEIVED

# UNITED STATES DISTRICT COURT

2017 DEC -5 PM 4: 06

for the

KANSAS CITY, KS

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 16-20032-JAR |
| LORENZO BLACK, ET AL | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   Assistant United States Attorney Emily Metzger

Office of United States Attorney, District of Kansas
301 North Main Street, Suite 1200
Wichita, KS 67202

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Courtroom No.: | 427 |
|---|---|---|
| U.S. Courthouse, 500 State Street, Kansas City, KS 66101 | Date and Time: | January 18, 2018, 9 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

*(SEAL)*

Date: December 5, 2017

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*

_____ , who requests this subpoena, are:

Special Master David R. Cohen
2440 Chagrin Boulevard
Reflections Building, Suite 300
Cleveland, OH 44122
david@specialmaster.law
216-831-0001

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.   16-20032-JAR

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)*   Emily Metzger

was received by me on *(date)*   12/7/17 .

☒ I served the subpoena by delivering a copy to the named person as follows:   Susan Walters
Legal Assistant
_____   on *(date)*   12/8/17   ; or

□  I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ Ø_____ .

My fees are $  .53 ½ _____   for travel and $  65 _____   for services, for a total of $ _____ 0.00 _____ .


I declare under penalty of perjury that this information is true.

Date:  12/8/17 _____                    _____
                                                        *Server's signature*

                                        Jacob Hilton   DUSM
                                        _____
                                                        *Printed name and title*


                                        401 N. Market St. Suite 207 Wichita KS 67202
                                        _____
                                                        *Server's address*


Additional information regarding attempted service, etc:

<u>Emily Metzger, AUSA, D. Kan. USAO</u>

SUMMARY STATEMENT PER 16.23(c)

On December 15, 2016, Metzger, in her capacity as "District Litigation Hold Coordinator, emailed to the Special Master a draft of a "litigation hold email" to be directed to all personnel in the U.S. Attorney's Office for the District of Kansas ("USAO") and relevant federal agents.  That document has already been docketed as an attachment to the Special Master's Report (Doc. 298), and is incorporated into this summary by reference.

Metzger will be asked to testify as to any electronic, written, or oral instructions she received regarding preservation and production of written and electronic information in the *Black* case.

In her litigation hold email, Metzger told USAO personnel that she would "in the very near future" provide them with the "particular search terms to be used in searching information systems." Metzger will be asked to explain why the final set of search terms negotiated with the Special Master was not implemented.

Metzger will be asked to explain why a "litigation hold" direction was not issued between the Court's order resulting from the August 9 hearing in *Black* and December 17, 2016.  She will also be asked to testify as to her interactions with USAO personnel regarding implementation of "litigation hold" requirements in the *Black* case.

Metzger will be asked about any oral discussions she had with USAO personnel as to what should be done regarding timely and adequate cooperation with the Special Master.  She also will be asked what she knows about the circumstances surrounding the USAO's failure to preserve a computer containing information received in the Black case and wiping its hard drive clean.

Exhibit 5C

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

UNITED STATES MARSHAL
RECEIVED

# UNITED STATES DISTRICT COURT

2017 DEC -5 PM 4: 06

for the

KANSAS CITY, KS

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 16-20032-JAR |
| LORENZO BLACK, ET AL | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:    Assistant United States Attorney Debra Barnett
       Office of United States Attorney, District of Kansas
       301 North Main Street, Suite 1200
       Wichita, KS 67202

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Courtroom No.: | 427 |
|---|---|---|
| U.S. Courthouse, 500 State Street, Kansas City, KS 66101 | Date and Time: | January 18, 2018, 9 a.m. |

   You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

   *(SEAL)*

Date: December 5, 2017

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____ , who requests this subpoena, are:

Special Master David R. Cohen
2440 Chagrin Boulevard
Reflections Building, Suite 300
Cleveland, OH 44122
david@specialmaster.law
216-831-0001

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.  16-20032-JAR

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)*  _Debra Barnett_

was received by me on *(date)*  _12/7/17_ .

☒ I served the subpoena by delivering a copy to the named person as follows:  _Susan Walters_
_Legal Assistant_

_____    on *(date)*  _12/8/17_    ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$  _Ø_ .

My fees are $  _Ø_    for travel and $ _65_    for services, for a total of $    _0.00_ .

I declare under penalty of perjury that this information is true.

Date: _12/8/17_

_____
*Server's signature*

_Jacob Hilton DYCH_
*Printed name and title*

_401 N. Market._
*Server's address*

Additional information regarding attempted service, etc:

<u>Debra Barnett, AUSA; Chief, Criminal Division, First Assistant U.S. Attorney, D. Kan. USAO</u>

SUMMARY STATEMENT PER 16.23(c)

Barnett will be asked about any oral or written communications she had with Kim Flannigan or Erin Tomasic, or both, regarding the Grand Jury subpoenas issued by Tomasic in the *Black* investigation, either before they were issued or at any later occasion.

Barnett will be asked about her involvement in and her knowledge of Flannigan's involvement in the decision for Tomasic to enter the chambers of the trial judge in *Black*, after hours and without permission from any Court employee who had authority to give permission.

Barnett will be asked to explain her actions or inactions concerning the discovery that Tomasic had obtained and reviewed privileged communications from CCA. She can say whether she also obtained and reviewed privileged communications, whether she made attempts to find out if any other inappropriate or illegal actions had been taken in the *Black* case, and steps she has taken to cooperate with the Special Master and demand cooperation of others.

Exhibit 5D

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

UNITED STATES MARSHAL
~~RECEIVED~~

# UNITED STATES DISTRICT COURT
## for the

2017 DEC -5  PM 4: 06

KANSAS CITY, KS

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No.  16-20032-JAR |
| LORENZO BLACK, ET AL | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:    Assistant United States Attorney Kim Flannigan
       Office of United States Attorney, District of Kansas
       500 State Street,
       Kansas City, KS  66101

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Courtroom No.: | 427 |
|---|---|---|
| U.S. Courthouse, 500 State Street, Kansas City, KS 66101 | Date and Time: | January 18, 2018, 9 a.m. |

   You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

   *(SEAL)*

Date:  December 5, 2017

                                          CLERK OF COURT

                                          *[signature]*

                                          _____
                                          *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*

_____ , who requests this subpoena, are:

Special Master David R. Cohen
2440 Chagrin Boulevard
Reflections Building, Suite 300
Cleveland, OH 44122
david@specialmaster.law
216-831-0001

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.   16-20032-JAR

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)*   Kim Flannigan

was received by me on *(date)*   12/6/17   .

☒  I served the subpoena by delivering a copy to the named person as follows:   Given To

Receptionist

on *(date)*   12/6/17   ; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $   ∅   for travel and $   65.00   for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   12/6/17   _____

_____
*Server's signature*

Christopher Wallace-Dusm
*Printed name and title*

500 State Ave Kansas City KS
*Server's address*

Additional information regarding attempted service, etc:

<u>Kim Flannigan, AUSA</u>

SUMMARY STATEMENT PER 16.23(c)

Flannigan will be asked what instructions or information she gave Erin Tomasic regarding conduct of the *Black* investigation and prosecution, and what instructions or information she received from her own supervisor, Debra Barnett, regarding that investigation and prosecution.

Flannigan will be asked about any communication she had with Tomasic regarding the Grand Jury suboenas issued by Tomasic in the *Black* investigation; the meeting she and Tomasic had with Jacquelyn Rokusek; and any communication she had with the Acting U.S. Attorney about these matters.

Flannigan will be asked to explain why she permitted Tomasic to enter chambers of the *Black* trial judge after hours and without Court permission or authority.

Flannigan will be asked about her actions or inactions concerning her knowledge that Tomasic had obtained and reviewed arguably privileged communications from CCA. She will also be asked about her own review of those communications.

# Exhibit 5E

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

UNITED STATES MARSHAL
RECEIVED

# UNITED STATES DISTRICT COURT

2017 DEC -5  PM 4: 06

for the

KANSAS CITY, KS

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 16-20032-JAR |
| LORENZO BLACK, ET AL | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   Mr. David Steeby
       Office of United States Attorney, District of Kansas
       500 State Street,
       Kansas City, KS  66101

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Courtroom No.: | 427 |
|---|---|---|
| U.S. Courthouse, 500 State Street, Kansas City, KS 66101 | Date and Time: | January 18, 2018, 9 a.m. |

You must also bring with you the following documents, electronically stored information, or objects _(blank if not applicable)_:

(SEAL)

Date: December 5, 2017

CLERK OF COURT

_Signature of Clerk or Deputy Clerk_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_
_____ , who requests this subpoena, are:

Special Master David R. Cohen
2440 Chagrin Boulevard
Reflections Building, Suite 300
Cleveland, OH 44122
david@specialmaster.law
216-831-0001

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.   16-20032-JAR

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* DAVID STEEBY

was received by me on *(date)* 12/6/17 .

☑ I served the subpoena by delivering a copy to the named person as follows: GIVEN TO

RECEPTIONIST

on *(date)* 12/6/17 ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ 0 for travel and $ 65.00 for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 12/6/17 _____

_____
Server's signature

CHRISTOPHER WALLACE - DUCM
Printed name and title

500 STATE AVE, KANSAS CITY, KS
Server's address

Additional information regarding attempted service, etc:

<u>David Steeby, Support Staff Member, D. Kan. USAO</u>

SUMMARY STATEMENT PER 16.23(c)

Steeby will be asked about the circumstances surrounding negotiations with the Special Master to devise a set of search terms for electronic records maintained by the USAO, and his knowledge of reasons why the final search terms were never implemented.   He will also be asked about the USAO's failure to preserve and decision to wipe clean the hard drive of the computer designated for viewing the video recordings produced by CCA.

Exhibit 5F

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

UNITED STATES MARSHAL
RECEIVED

# UNITED STATES DISTRICT COURT
### for the

2017 DEC -5  PM 4: 06

KANSAS CITY, KS

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.  16-20032-JAR |
| LORENZO BLACK, ET AL | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   Ms. Pauletta Boyd
      Office of United States Attorney, District of Kansas
      500 State Street,
      Kansas City, KS  66101

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Courtroom No.: | 427 |
|---|---|---|
| U.S. Courthouse, 500 State Street, Kansas City, KS 66101 | Date and Time: | January 18, 2018, 9 a.m. |

   You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

(SEAL)

Date:  December 5, 2017

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
_____, who requests this subpoena, are:

Special Master David R. Cohen
2440 Chagrin Boulevard
Reflections Building, Suite 300
Cleveland, OH 44122
david@specialmaster.law
216-831-0001

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.   16-20032-JAR

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)*   PAULETIA  BOYD

was received by me on *(date)*   12/6/17 .

☒ I served the subpoena by delivering a copy to the named person as follows:   GIVEN TO

RECEPTIONIST

_____   on *(date)*   12/6/17   ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $        0        for travel and $   65.00   for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:   12/6/17

_____
*Server's signature*

CHRISTOPHER  WALLACE - DISM
*Printed name and title*

500  STATE AVE,  KANSAS CITY, KS
*Server's address*

Additional information regarding attempted service, etc:

<u>Pauletta Boyd, Support Staff Member, D. Kan. USAO</u>

SUMMARY STATEMENT PER 16.23(c)

Boyd will be asked about the categoric content of, and storage provisions for, audio and video recordings produced by CCA.  She will be asked to describe the system she used to ensure an acceptable chain of custody for materials in each box of recordings, including any log of individuals permitted to view video recordings connected with the *Black* case. She will be asked about her knowledge of those who viewed the contents of boxes marked with notice that they might contain attorney-client material, and under what circumstances.  She will be asked what she knows about any log of those who listened to audio records provided by CCA.  She will be asked what she knows about the circumstances under which the computer she used to view CCA's video recordings was the only one that was not preserved and had its hard drive wiped clean.

Exhibit 5G

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  16-20032-JAR |
| LORENZO BLACK, ET AL | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:  Ms. Erin Tomasic
Serve on:  Attorney William Deatherage
Deatherage, Myers & Lackey, PLLC
701 South Main Street
Hopkinsville, KY  42241-1065

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: United States District Courthouse 500 State Avenue Kansas City, KS  66101 | Courtroom No.:  427 |
|---|---|
| | Date and Time:  January 18, 2018 |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

(SEAL)

Date:  December 5, 2017

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
_____ , who requests this subpoena, are:

Special Master David R. Cohen
24400 Chagrin Blvd., Suite 300
Cleveland, OH  44122

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.   16-20032-JAR

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

    ❑  I returned the subpoena unexecuted because: _____ .

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                     *Server's signature*

                           _____
                                     *Printed name and title*

                           _____
                                     *Server's address*

Additional information regarding attempted service, etc:

<u>Erin Tomasic, SAUSA, D. Kan. USAO</u>

SUMMARY STATEMENT PER 16.23(c)

Tomasic will be asked about the purpose, planning, and conduct of a meeting she and her supervisor, Kim Flannigan, had with Jacquelyn Rokusek, and any interaction with AUSA Debra Barnett concerning that meeting.

She will be asked about the circumstances of her unpermitted, after-hours entrance into the chambers of the trial judge.

Tomasic will be asked about her own involvement in reading or viewing anything she received through Grand Jury subpoenas she issued in the *Black* case and through any other source.  She will be asked why she decided to issue the Grand Jury subpoenas, including any discussions she had with Flannigan or Barnett about issuing the subpoenas, before or after she issued them.  She will be asked about discussions she had with any AUSA or the U.S. Attorney concerning dealing with grand jury returns in the *Black* case.  She will be asked about her personal knowledge of any other person who received or reviewed arguably privileged communications between inmates and their attorneys, whether in the *Black* case or any other case.

Tomasic will be asked about her training and instructions from her USAO supervisors, regarding the usual patterns and practices of the USAO when an attorney or agent either deliberately or inadvertently comes into contact with materials that might have privileged content.  She also will be asked about her training and instructions from her USAO supervisors regarding the usual patterns and practices of the USAO in dealing with the Court and defense counsel regarding investigation or prosecution of criminal matters.