IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cr-20032-JAR |
| | ) | |
| LORENZO BLACK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO QUASH SUBPOENAS

COMES NOW Linda Thomas and Wayne Bigelow by and through counsel

Alyssa C. Brockert of Wallace Saunders, and requests that this Court issue an order

quashing the Subpoena to Testify at a Hearing or Trial in a Criminal Case issued by the

Federal Public Defender's Office in the above-referenced matter, for reasons set out

more fully herein.

## I.    BACKGROUND

The ongoing investigation in this case of the alleged use of phone and video

recordings between inmates and their attorneys by the U.S. Attorney's Office for the

District of Kansas has entered a Phase III, which is "limited to the questions of whether

the Government intentionally viewed or listened to attorney-client communications."

(Doc. 372).   On October 20, 2017, the Special Master reported to this Court that "at

this juncture, neither OUSA nor USSS is cooperating with the Special Master's

investigation" (Doc. 298). The Court thus set a hearing "to discuss the Special Master's

findings concerning the government's failure to comply with the Phase III investigation

and the appropriate response and/or remedies for such", as well as "any other issues

the parties may want to address related to the Phase III investigation." (Doc. 300).

This hearing was set for January 18, 2018 but subsequently cancelled until various

issues were appealed to the Tenth Circuit.   Following the appellate decision, this Court

rescheduled the hearing to May 15th, 2018.

On April 30th, 2018, the Federal Public Defender's office (hereinafter "FPD") filed

motions pursuant to Federal Rule of Criminal Procedure 17(b), requesting the issuance

of subpoenas for current and former CoreCivic employees Deborah Kinney, Wayne

Bigelow, Kenneth Lajiness and Linda Thomas to appear at the May 15th hearing.

Subpoenas have been served on Ms. Kinney, Ms. Thomas, and Mr. Bigelow; however,

the FPD has since notified CoreCivic, through counsel, that it no longer intends to call

Ms. Kinney as a witness.   Movants respectfully request that this Court quash the

subpoenas of Wayne Bigelow and Linda Thomas for the reasons that (1) the FPD has

no standing to participate in the proceedings and therefore had no authority to request

the subpoena; and (2) the anticipated testimony of the witnesses, as described in the

FPD's Rule 17(b) Motions for Production of Witnesses, is not necessary for the

preparation of an adequate defense as it relates to any defendant in this case.

## II.    DISCUSSION

**A. The FPD, and its clients, have no standing to participate in these proceedings under Rule 41(g) because they are not entitled to lawful possession of any recordings; therefore, the FPD, and its clients, had no authority to request the issuance of subpoenas under Rule 17(b).**

Entitlement to relief under Rule 41(g) requires a moving party to show that it is "entitled to lawful possession of the seized property." *Ferreira v. United States,* 354 F.Supp.2d 406, 409 (S.D.N.Y. 2005), quoting *United States v. Van Cauwenberghe,* 827 F.2d 424, 433 (9th Cir. 1987). Because the FPD cannot satisfy the elements entitling it to relief under Rule 41(g), it lacked the authority to issue a subpoena pursuant to Rule 17(b), and therefore this Court should quash the FPD's subpoenas. Specifically, the FPD cannot establish that it is entitled to the lawful possession of the recordings. The district court therefore erred when it permitted the FPD to file such a motion. *See FW/PBS, Inc. v. City of Dallas,* 439 U.S. 215, 231, 110 S.Ct. 596 (1990) (district court had an obligation to examine its own jurisdiction in a matter).

Federal Rule of Criminal Procedure Rule 41(g) (formerly Rule 41(e)) provides as follows:

> [a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return….

Rule 41(g) permits a party who has been aggrieved by the deprivation of property to make a motion for its return. *Ferreira v. United States*, 350 F.Supp.2d 550, 560 (S.D.N.Y. 2004); *See also Huggins,* 2013 U.S.Dist.LEXIS 59773, at *5 (to prevail on a Rule 41(g) motion, the movant must show that he is entitled to lawful possession of the seized property.) However, the FPD is not a "person aggrieved" as set forth in Rule 41(g). Courts define a "person aggrieved" as one who was "a victim of a search or seizure, one against whom the search was directed" and not "one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure

directed at someone else." *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725 (1960).

A proper Rule 41(g) movant must be a party who is the owner of the property or entitled

to possession of the property. *Ferreira,* 350 F.Supp.2d at 560; *United States v. King,*

528 F.2d 68 (9th Cir. 1975); *Bova, v. United States,* 460 F.2d 404, 407 (2nd Cir. 1972).

Federal courts have considered the issue of who has "property" rights to a

recording of a telephone conversation.  In *Ferreira,* Ferreira was charged with the

criminal sale of controlled substances and agreed to cooperate with the prosecutor's

office in its investigation of drug sales.  *Ferreira,* 350 F.Supp.2d at 553.  While

cooperating with the prosecutor's office, he made the U.S. Attorney's Office aware of a

corrupt detective in the police department and provided evidence of said corruption to

the U.S. Attorney.  *Id.* at 554.  Ferreira then sought evidence relating to his

cooperation in the investigation to reduce his sentencing in the state proceeding.  The

evidence he sought included his own tape recordings of conversations he had with the

corrupt detective as well as recordings between Ferreira and the corrupt detective

which were recorded by the U.S. Attorney's Office and the NYPD.  *Id.*

The *Ferreria* court held that, pursuant to Rule 41(g), Ferreria may be able to

seek return of the materials that are his own property and that are in possession of the

U.S. Attorney's Office.  *Id.* at 560.  The court opined that these materials were

arguably limited only to the recordings that he made and turned over to the U.S.

Attorney.    The court further explained that he "could not seek the return of property

that was not his, for instance, any tapes of recordings made by the Government."  *Id.*

In so holding, the *Ferreria* court cited the Second Circuit Court of Appeals, which had

held that tapes and logs made by the government are the government's property and not the property of the parties to the conversations.   *Bova,* 460 F.2d at 407.

In addition, the Ninth Circuit Court of Appeals similarly held that an individual whose telephone conversations were recorded by the government had no ownership of the tapes and transcripts of those recordings and was not entitled to their return under Rule 41(g).   *King,* 528 F.2d at 68.   In *King,* the movant was convicted of conspiracy to import marijuana, which was reversed on appeal on the ground that most of the evidence was the product of the illegal interception and recording of conversations on King's telephone.   King then filed a Rule 41(g) motion for the return of the transcript of the intercepted wire communications, together with the tapes, logs, notes and copies thereof.   The appellate court upheld the denial of that motion, stating that because "King himself has not claimed ownership of the tapes and transcripts of the conversations, nor can he, … He is no more the owner of the tapes and transcripts of the conversations made by the government than he is the owner of the mental impressions and memories of the government agents who intercepted the conversations."   *Id.*   For that reason, the *King* court held that the Rule 41(g) motion was not proper.

Applying the reasoning of *Ferreria, Bova* and *King* to the instant case, the FPD is not an aggrieved person under Rule 41(g) who is entitled to the return of the recordings. The recordings were not made by the FPD and the FPD was not the owner of the recordings nor is it entitled to possession of them.   In other words, the FPD lacked standing.   Because a Rule 41(g) motion may be properly denied if the movant is "not

entitled to lawful possession of the seized property," the Court should have dismissed the FPD's Rule 41(g) motion.   *See Walsh v. United States*, 2014 U.S. Dist. LEXIS 17761 (D.Md. Feb. 12, 2014); *See Huggins,* 2013 U.S.Dist.LEXIS 59773 (S.D.N.Y. March 22, 2013) (a party lacks standing to invoke Rule 41(g) if is it not a "person aggrieved" by the deprivation or seizure of property.)

**B. The anticipated testimony of Ms. Thomas and Mr. Bigelow, as described in the FPD's Rule 17(b) Motions for Production of Witnesses, is not necessary for the preparation of an adequate defense is it relates to any defendant in this case.**

Federal Rule of Criminal Procedure 17(c) authorizes subpoenas for the production of documentary evidence.   The rule sets forth a procedure and a standard for challenging such subpoenas:   "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."   The Supreme Court clarified the meaning of this standard in *United States v. Nixon*, 418 U.S. 683, 700 (1974), holding that a subpoena *duces tecum* is not "unreasonable or oppressive" if the proponent establishes relevancy, admissibility, and specificity.   The standard is basically the same for subpoenas compelling the attendances of witnesses under Rule 17(a).   *United States v. Santistevan*, 2012 U.S. Dist. LEXIS 97344 (Dist. Kan. 2012).   Although Rule 17(a) does not prescribe a procedure for quashing witness subpoenas, "courts routinely have entertained motions seeking such relief and decided them by reference to comparable principles." *Stern v. U.S. Dist. Ct.*, 214 F.3d 4, 17 (1st Cir. 2000).   More specifically, "a subpoena *ad testificandum* survives scrutiny if the

party serving it can show that the testimony sought is both relevant and material.   *Id.* (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982)).

Rule 17(b) of the Federal Rules of Criminal Procedure requires, in addition to proof of financial inability to pay witness fees, a satisfactory showing that the presence of the witness is necessary to an adequate defense.   *Findley v. United States*, 380 F.2d 752, 754 (10th Cir. 1967).   This is a reflection of a defendant's Sixth Amendment right to "cumpolsory process for obtaining witnesses in his favor."   *Washington v. Texas*, 388 U.S. 14, 1967).   However, "the Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses."   *United States v. Valenzuela-Bernal*, 458 U.S. at 867.   Thus, "a respondent cannot establish a violation of his constitutional right to compulsory process absent some plausible showing of how the testimony would have been both material and favorable to his defense.   *Id.*

The Tenth Circuit has defined "necessary" under Rule 17(b) to mean "relevant, material and useful."   *United States v. Gallagher*, 620 F.2d 797, 799 (10th Cir. 1980), quoting *United States v. Barker*, 553 F.2d 1013, 1020 (6th Cir. 1977).   To show necessity, a defendant must demonstrate particularized need.   *United States v. Hernandez-Urista*, 9 F.3d 82, 84 (1993), citing *United States v. Rogers*, 921 F.2d 1089, 1094 (10th Cir. 1990).   The trial court must determine whether the requested witnesses are necessary to an adequate defense of an accused, and in making such determination it has the duty to examine the existing circumstances, and should deny

the issuance of unnecessary subpoenas and prevent useless or abusive issuance of

process. *Findley*, 380 F.2d 752 at 754.

According to the FPD's Rule 17(b) motion, Mr. Bigelow will "testify concerning his

efforts to privatize defense attorney phone numbers subsequent to his last testimony,

including procedures implemented in response to this Court's orders" as well as "the

process and procedures from which the U.S. Attorneys' Office and U.S. Marshals

Service requested information and materials that led to them obtaining attorney-client

privileged communications."   (Doc. 439).   Ms. Thomas will "testify to the facility's

recording capabilities, her communications with the government regarding the facility's

recording capabilities, and her facility's policies and procedures regarding recording and

disclosure." *Id.*

The case before this Court involves contraband smuggling inside the

CoreCivic-Leavenworth facility.   None of the described testimony relates in any way to

the charges filed or the evidence necessary to defend against those charges, nor does

it have any bearing on the basis of the Rule 41 motions concerning the return of

personal property.   Even presuming a Rule 17(b) subpoena may apply to the issues

presented by the Special Master's investigation, the purpose of the May 15th hearing is

to discuss the government's failure to cooperate with Phase III of the investigation as

well as Phase III itself, which is, in turn, limited only to whether or not the Government

intentionally viewed or listened to attorney-client communications.   The described

testimony of these witnesses is irrelevant and unnecessary to the issue of the

Government's conduct in this matter.   In fact, much of the stated testimony has already

been disseminated in prior reports of the Special Master, who had an opportunity to
interview these witnesses and detail his findings as to the policies and procedures of
CoreCivic and its interactions with government agencies.   If the FPD's office seeks to
conduct its own investigation into these issues or to otherwise contest the findings of
the Special Masters, they cannot do so under Rule 17, which may not be used to
conduct a "fishing expedition."   *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221
(1951).

Furthermore, "[t]he necessity of a witness' testimony is also undercut where…it
would be merely cumulative of the testimony of other witnesses.   *Id.*, citing *United
States v. Gallagher*, 620 F.2d 797, 800 (10th Cir. 1980).   As previously argued, Phase I
and Phase II of the Special Master's investigation included a thorough review of
CoreCivic policies and procedures concerning privatization of known attorney phone
numbers, its recording capabilities, and its interactions with government agencies.   The
investigation included lengthy interviews with Movants and its subsequent findings have
been comprehensively laid out in previous reports.   It is unnecessary and duplicative
for these witnesses to appear and testify to matters already on the record, absent some
showing that specific testimony not otherwise addressed in previous reports will be
presented.   Although the FPD in its motion assures this Court that the testimony will
"be limited to matters not previously put forward as evidence or discussed in a Special
Master report," (Doc. 439), they provide no additional information to support that claim.

### III.    CONCLUSION

The FPD has no authority to request the issuance of subpoenas in this matter,

as they have no standing under 41(g) for the reason that they are not entitled to lawful

possession of CoreCivic's recordings.   Further, subpoena authority under Rule 17(b)

requires a defendant to show that a named witness is necessary for an adequate

defense.   For the reasons set forth above, Movants respectfully request that this Court

quash the subpoenas issued.

WALLACE SAUNDERS


By:  /s/Alyssa Brockert
Alyssa C. Brockert          KS #24627
2300 Main Street, Suite 900
Kansas City, MO 64108
(913) 888-1000   Fax: (913) 888-1065
abrockert@wallacesaunders.com


ATTORNEYS FOR MS. THOMAS and
MR. BIGELOW


I hereby certify that the original of this pleading was signed by counsel and the above and foregoing was filed with the Clerk of the Court using the CM/ECF system.


 /s/Alyssa C. Brockert
For the Firm

10