IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

   Plaintiff,

v.          Case No. 16-20032-JAR

LORENZO BLACK,
KARI CARTER,
ANTHON AIONO,
ALICIA TACKETT,
CATHERINE ROWLETTE,
DAVID BISHOP,
   Defendants.

## MOTION TO INTERVENE FOR LIMITED PURPOSE OF GAINING ACCESS TO VIDEO RECORDING OF ATTORNEY-CLIENT MEETING

COMES now the Movant, Juan Duarte-Tello, and moves the Court for an order granting Mr. Duarte-Tello leave to intervene in this above-captioned action for the limited purpose of permitting Mr. Duarte-Tello access to video recordings of his meeting with his attorney at CoreCivic ("CCA"). In support, Mr. Duarte-Tello states:

Mr. Duarte-Tello is one of many defendants in *U.S. v. Duarte-Tello*, et al., Case No. 16-20016-02-CM. In his own case, Mr. Duarte-Tello filed a motion to dismiss the indictment against him based on an alleged violation of his Sixth Amendment right to confidential attorney-client communications. In particular, it is Mr. Duarte-Tello's contention that the Government obtained (and possibly viewed) private meetings between he and his court-appointed

attorney. These are the same factual and legal issues presently pending before this Court.

On March 20, 2019, the Honorable Judge Murguia denied Mr. Duarte-Tello's motion, in part, because of what the court viewed as the speculative nature of Mr. Duarte-Tello's claim. Judge Murguia expressed concern that Mr. Duarte-Tello had not adequately demonstrated the existence of a video recording or that, assuming the existence of such a recording, there had been inference with Mr. Duarte-Tello's right to counsel.

In part, Mr. Duarte-Tello believes that he was hindered in presenting his claim for dismissal because he was not able to produce a copy of the video in question. As this Court is all too familiar, the Special Master determined that CCA turned over to the Government video recordings of the attorney-client contact rooms for the period of February 20, 2016, to May 16, 2016. Based on a review of undersigned counsel's billing records, counsel met with Mr. Duarte-Tello twice during this period - February 26 and April 27, 2016. However, the Special Master also determined that there were no video recordings made on April 27, 2016.[1] From this information, one must infer that there were indeed recordings made on February 26, 2016.

Furthermore, based on visitation logs and attorney sign-in/sign-out sheets maintained by CCA, it can be shown that counsel met with Mr. Duarte-

---

[1] Special Master's First Report Regarding Video Recordings, Doc. 193, p. 5, n. 5.

Tello on February 26 in Attorney Room #7, at 1:30 p.m.[2] And, according to the Special Master, Room # 7 was one of the rooms that was continuously recorded.[3]

Based on this information, Mr. Duarte-Tello believes that there is a CCA video recording of his private meeting with counsel on February 26, 2016, at 1:30 p.m., in Room # 7. Further, this Court has impounded all CCA video of the attorney-client rooms. As a result of the Court's impound order, neither CCA nor the Government currently possesses the video in question. Thus, Mr. Duarte-Tello has no other means to gain access to the video, which is pivotal to his own motion to dismiss, except to petition this Court for an order granting him some level of access.

Therefore, in order to provide Mr. Duarte-Tello with the means to fully and effectively litigate his own motion to dismiss, he respectfully requests an order of the Court granting some measure of access to the recordings on February 26, 2016. Some suggestions for what this access might look like are:

- Simply providing Mr. Duarte-Tello's counsel a copy of the specific video to review;
- Providing Mr. Duarte-Tello's counsel an opportunity to review the video in chambers;
- Providing a copy of the video to Judge Murguia for *in camera* review; or

---

[2] Exhibit A.
[3] Special Master's First Report, Doc. 193, p. 3.

3

- Directing the Special Master to review the video to determine what actions, if any, arguably rise to the level of protected non-verbal communication.

Unless this Court allows Mr. Duarte-Tello access to the video recording of this visit with his counsel, he will be likely be prejudiced in his own case.

WHEREFORE, for good cause shown, Duarte-Tello respectfully requests a hearing to determine if, and to what extent, he should be granted access to video of his attorney-client meeting on February 26, 2016.

Respectfully submitted,

/s/ Clinton W. Lee
Clinton W. Lee, #18877
400 N. Main St.
Lansing, KS 66043
Telephone: (913) 250-1600
Facsimile: (913) 727-1550
Email: clintonlee@att.net
Attorney for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of March, 2019, I electronically filed the foregoing Document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Clinton W. Lee

4